(118 App. Div. 905)

### FOURTEENTH STREET BANK v. GERSTEN.

(Supreme Court, Appellate Division, First Department.    March 8, 1907.)

BILLS AND NOTES—INDORSEMENT—SUFFICIENCY OF EVIDENCE.

In an action against defendant as indorser on certain notes, evidence *held* insufficient to support a verdict for plaintiff.

Appeal from Trial Term, New York County.

Action by the Fourteenth Street Bank against Sabina Gersten. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Jesse S. Epstein, for appellant.
Rollin M. Morgan, for respondent.

SCOTT, J. Defendant is sued as indorser for her husband on seven promissory notes. As to each note, save one, defendant denied her indorsement; and as to the excepted one it is quite evident that her failure to deny the indorsement was due to a copyist's error, but as to that one note she stood on the record as admitting the indorsement. Plaintiff's prima facie proof was made by proving by an expert that the indorsement upon the six controverted notes was in the same handwriting as that upon the admitted one. Defendant was permitted to amend, so as to deny the indorsement upon the excepted note, after having stipulated that plaintiff had made out a prima facie case. It appeared that defendant's husband had attempted through a broker to negotiate these notes with plaintiff, that plaintiff had insisted that they should be indorsed by defendant, that the broker had brought the notes to the place of business of plaintiff's husband, and that the daughter who worked in the shop had written her mother's name on the back of the notes. However it may have been brought about, it is certain that defendant herself never indorsed the notes, but that her name was written there by her daughter. The verdict went for the plaintiff, however,

apparently upon the theory that the mother had authorized her daughter to indorse the notes in her name. Of this there is not the slightest evidence. Indeed, all the evidence is directly to the contrary, and there is nothing to support the verdict, except suspicion.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur.